**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

William Phillips

    v.                                            Case No. 19-cv-00079-PB

Chris Sununu, Governor,
State of New Hampshire

**REPORT AND RECOMMENDATION**

Before the court is plaintiff William Phillips's complaint
(Doc. No. 1).  Phillips seeks a preliminary injunction ordering
the Governor of New Hampshire to cease and desist from releasing
Phillips's private prescription information to MITRE
Corporation, an entity conducting research on opioids for the
State.  The complaint is here for preliminary review under LR
4.3(d)(1) and 28 U.S.C. § 1915(e)(2), and the request for
preliminary injunctive relief has been referred to the
magistrate judge for a report and recommendation ("R&R").  See
Jan. 28, 2019 Order (denying request for a temporary restraining
order and referring complaint to magistrate judge for further
action).

**Background**

In this action, Phillips challenges Governor Chris Sununu's
January 10, 2019 Executive Order ("EO 2019-01") which, Phillips
believes, effected the release of his personal medical records

to a private non-profit entity, MITRE Corporation, in connection
with research MITRE is undertaking in collaboration with the
State and the federal Centers for Medicare and Medicaid Services
("CMS").  EO 2019-01 establishes the "New Hampshire Opioid
Overprescribing and Misuse Project Advisory Council" as part of
the state's response to the high rate of opioid overdose deaths
in New Hampshire.  EO 2019-01 states that MITRE Corporation is
working in cooperation with CMS and the State to conduct
research relating to New Hampshire provider practices in
prescribing opioids.  MITRE's research is expected to identify
abnormal patterns of opioid prescribing.  The Advisory Council
established by EO 2019-01 is charged with making recommendations
regarding the questions to be answered by MITRE, monitoring the
results of MITRE's research, and issuing recommendations for
policy changes "to bolster efforts to curb opioid misuse and
prescription abuse or fraud."  EO 2019-01.

    Nothing in EO 2019-01 describes the type or time frame of
opioid prescription information to which MITRE Corporation will
have access.  Nor does EO 2019-01 indicate whether that
information will contain any personally identifiable health
information.  Phillips specifically alleges that the State has
claimed that the data to be given to MITRE will be stripped of
identifying information.  Phillips remains skeptical of that

claim, however, as he further asserts that "they also claim to be able to track you for the rest of your life," and plaintiff believes that if there were no identifiers, the "information would not be useful[] in the first place."  Doc. No. 1. Phillips fears that his personal medical records relating to his opioid prescriptions could be used to track him and could "end up in the wrong hands."  Doc. No. 1.

Phillips has requested immediate injunctive relief in the Complaint (Doc. No. 1).  The district judge denied that request, to the extent Phillips sought the a temporary restraining order. See Jan. 28, 2019 Order.  The district judge then referred the underlying complaint to the undersigned magistrate judge for further action.  See id.

## Discussion

### I.   Preliminary Review

#### A.   Standard

The court may dismiss claims asserted in a complaint filed in forma pauperis, if the court lacks jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1).  In determining whether a pro se complaint states a claim, the court must construe the complaint

liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### B.  Claims and Bases for Federal Jurisdiction

Phillips seeks damages and injunctive relief, in alleging that the disclosure of opioid prescription information violates United States laws prohibiting unfair and deceptive trade practices and violates his state constitutional right to privacy.  The court construes Phillips's pleadings liberally as further intending to assert that the disclosures violate his federal right to privacy.  Liberally construed, the Complaint invokes this court's original jurisdiction over federal questions and federal civil rights actions, pursuant to 28 U.S.C. §§ 1331 & 1343.

### C.  Federal Law Prohibiting Unfair Trade Practices

Phillips alleges that the disclosure of his personal health

information violates the "US FTC" law relating to unfair and
deceptive trade practices.  He appears to refer to the Federal
Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a)(1), which
prohibits "[u]nfair methods of competition in or affecting
commerce, and unfair or deceptive acts or practices in or
affecting commerce."  The FTC Act, however, is enforced by the
Federal Trade Commission.  There is no private right of action
available under the FTC Act.  Mulder v. Kohl's Dep't Stores,
Inc., No. 15-11377-FDS, 2016 WL 393215, at *3, 2016 U.S. Dist.
LEXIS 11584, at *7 (D. Mass. Feb. 1, 2016), aff'd, 865 F.3d 17
(1st Cir. 2017).  As Phillips cannot litigate a private claim
under the FTC Act, the district judge should dismiss Phillips's
FTC Act claim for failure to state a claim upon which relief can
be granted.

### D.    **Federal Privacy Right**

Phillips specifically alleges that the disclosure of his
personal health information violates his state constitutional
right to privacy.  To the extent Phillips also intends to assert
that state action violates his rights under the federal
constitution, Phillips appears to invoke a violation of a
privacy interest protected by the Fourteenth Amendment.

Many federal jurisdictions outside of the First Circuit

5

have explicitly recognized a Fourteenth Amendment right to privacy in one's personal information, including personal health information.  See Hancock v. Cty. of Rensselaer, 882 F.3d 58, 65 (2d Cir. 2018) (citing cases from Second, Third, Fifth Unit B, Seventh, Ninth, and Tenth Circuits); see also NASA v. Nelson, 562 U.S. 134, 147 & n.10 (2011) (assuming without deciding that there is a privacy interest, protected by Fourteenth Amendment, in avoiding disclosures of personal information); Nunes v. Mass. Dep't of Corr., 766 F.3d 136, 144 (1st Cir. 2014) (assuming, without deciding, that prisoners have constitutional right to keep medical information private).  But cf. Leiser v. Moore, 903 F.3d 1137, 1145 (10th Cir. 2018) (finding that it is not clearly established that disclosure of inmate's cancer diagnosis violated federal right to privacy, as binding precedent did not preclude court from finding that disclosures of diseases that do not expose inmates to social opprobrium or discrimination and intolerance also do not violate right to privacy).  This court need not resolve whether a Fourteenth Amendment right to informational privacy exists as to opioid prescription information, as Phillips's allegations do not otherwise state a federal claim upon which relief can be granted.

Although Phillips has alleged that EO 2019-01 effects the release of his personal prescription information to MITRE

Corporation, an examination of that executive order reveals that it sets up an Advisory Council, with general oversight responsibilities relating to MITRE's research on opioid prescription practice data; it does not purport to authorize the release of any confidential health information.  Phillips specifically alleges that the State has asserted that the data to be released will be stripped of identifiers.  His skepticism regarding the de-identification of the data, in light of his having also heard unspecified individuals claim that the data can be used to "track you for the rest of your life," Doc. No. 1, is not sufficiently pleaded to state a claim upon which relief can be granted that Phillips's confidential health information has been improperly disclosed by state action.  And his ensuing allegation that confidential information "could fall into the wrong hands" is purely speculative.  Without more, Phillips's allegations fail to state a cognizable federal claim arising from MITRE Corporation's access to opioid prescription data.  Accordingly, the district judge should dismiss Phillips's federal Fourteenth Amendment privacy claim.

**E.   State Law Claims**

The district judge should decline to exercise jurisdiction over plaintiff's claims asserting violations of state law to the

extent the court approves this R&R and dismisses all of
Phillips's federal claims.  See 28 U.S.C. § 1367(c)(3).
Phillips's state law claims should be dismissed without
prejudice to refiling in a state court of competent
jurisdiction.

## II.  **Preliminary Injunction**

Phillips has asserted a request for preliminary injunctive
relief in the complaint, seeking to prevent the Governor from
disclosing Phillips's "protected doctor patient records."  Doc.
No. 1.  The district judge denied Phillips's request for a
temporary restraining order and referred the underlying
complaint to the magistrate judge for further action.  See Jan.
28, 2019 Order.

"A plaintiff seeking a preliminary injunction must
establish that he is likely to succeed on the merits, that he is
likely to suffer irreparable harm in the absence of preliminary
relief, that the balance of equities tips in his favor, and that
an injunction is in the public interest."  Winter v. Nat. Res.
Def. Council, Inc., 555 U.S. 7, 20 (2008).  The first two
factors, likelihood of success on the merits and irreparable
harm, are "'the most important' in the calculus."  Bruns v.
Mayhew, 750 F.3d 61, 65 (1st Cir. 2014) (citation omitted).

8

"'[P]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.'"  See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (quoting 11A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2948, at 129 (2d ed. 1995)).  The burden of proof is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

Phillips has failed to state a federal claim upon which relief can be granted.  Accordingly, he has failed to show a likelihood of success on the merits of his federal claims. Furthermore, he bases his claims of harm on his fear that identifiers will be released that could be used to track individuals for the rest of their lives, and that confidential health information may "fall into the wrong hands."  "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."  Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). As Phillips has failed to allege facts showing a likelihood of any irreparable harm based on more than surmise or conjecture, the district judge should deny his request for preliminary

injunctive relief.

## Conclusion

The district judge should dismiss all of Phillips's claims and deny his request for preliminary injunctive relief, without prejudice to Phillips's ability to file a complaint asserting his state law claims in a state court of competent jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2); LR 7.2(d).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

January 28, 2019

cc:  William Phillips, pro se